IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KARLA SCAPPINI,                        *
                                       *
          Plaintiff,                   *
                                       *
v.                                     *     Case No. 1:24-cv-02110-SAG
                                       *
SAVATH PROS, *et al.,*                 *
                                       *
          Defendant.                   *
                                       *
*   *   *   *   *   *   *   *   *   *   *   *   *

**MEMORANDUM OPINION**

In this motor vehicle tort case, Plaintiff Karla Scappini ("Plaintiff") served an Expert Witness designation naming five of her treating physicians as expert witnesses intended to testify at trial. ECF 28-2. Defendants Savath Pros and Watsontown Trucking Company, LLC ("Defendants") sought to depose the proposed experts, both through asking Plaintiff's counsel to schedule depositions and by approaching the physicians directly. Those efforts resulted in the deposition of just one of the five proposed expert witnesses, Lauren Mills Bolding, D.D.S. ("Dr. Bolding").

Defendants have now moved to strike Plaintiff's expert witness designation, ECF 28. This Court has reviewed the motion and Plaintiff's opposition, ECF 29. No reply has been filed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, Defendants' motion will be granted in part, in that Plaintiff will be precluded from eliciting expert testimony from Dr. Bolding linking Plaintiff's temporomandibular joint injuries to the accident. Defendants' motion will be denied in that Dr. Bolding will be permitted to testify as a fact witness regarding her treatment of Plaintiff, and the other proposed expert witnesses will be permitted to testify in accordance with their treating reports and Plaintiff's expert designations.

1

I. **FACTUAL BACKGROUND**

On October 19, 2023, a truck driven by Savath Pros, in the course of his employment with Watsontown Trucking, collided with a vehicle driven by Plaintiff in Baltimore City, Maryland. This lawsuit ensued.

On December 30, 2024, Plaintiff filed an Expert Witness Designation naming five of her treating physicians as expert witnesses: Dr. Bolding; Brian Chado, O.D.; Todd A. Goodglick, M.D.; Nathan Yokel, M.D.; and Stephanie Pham Van, M.D. ECF 28-2. On July 1, 2025, Defendants deposed Dr. Bolding. ECF 28-3. She testified that she had never spoken to Plaintiff's counsel regarding her expected testimony at trial. *Id.* at 6:13–21, 7:8–16, 8:3–19. Dr. Bolding further testified that she had been treating Plaintiff for temporomandibular joint disorder ("TMJ") prior to the accident and that whiplash can affect TMJ. *Id.* at 17:2–18:12. When asked whether the adverse effects from whiplash happened "in this accident," Dr. Bolding responded, "I have not evaluated her for those things." *Id.* at 18:15–16. She did not testify that she had formed any opinion, within a reasonable degree of certainty within her field of expertise, that the accident caused any effect on Plaintiff's TMJ condition.

II. **MOTION TO EXCLUDE TESTIMONY OF DR. BOLDING**

   A. **Legal Standards**

Federal Rule of Evidence 702 governs the admissibility of expert witness testimony. A qualified expert may give testimony if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

2

Fed. R. Evid. 702. In essence, the trial court must ensure the proposed expert testimony "both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court provided five non-exhaustive factors a court may weigh in making this assessment: (1) "whether a theory or technique . . . can be (and has been) tested," (2) "whether the theory or technique has been subjected to peer review and publication," (3) "the known or potential rate of error," (4) "the existence and maintenance of standards controlling the technique's operation," and (5) whether the technique or theory has gained "general acceptance." *Id.* at 592–94; *Pugh v. Louisville Ladder, Inc.*, 361 F. App'x 448, 452 (4th Cir. 2010). However, ultimately, the inquiry is "a flexible one" and relevant factors can vary with the needs of each case. *Daubert*, 509 U.S. at 594.

For the proffered evidence to be sufficiently reliable it "must be derived using scientific or other valid methods" and not based on mere "belief or speculation." *Casey v. Geek Squad Subsidiary Best Buy Stores, L.P.*, 823 F. Supp. 2d 334, 340 (D. Md. 2011) (quoting *Oglesby v. Gen. Motors Corp.*, 190 F.3d 244, 250 (4th Cir. 1999)). The court's analysis focuses on experts' methods, not their conclusions, *Daubert*, 509 U.S. at 595, but an expert opinion that relies on "assumptions which are speculative and are not supported by the record," is inadmissible, *Tyger Constr. Co. Inc. v. Pensacola Constr. Co.*, 29 F.3d 137, 142 (4th Cir. 1994). *See also Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered."). For the proffered opinion to be relevant, it "must be 'sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute.'" *Casey*, 823 F. Supp. 2d at 341 (quoting *Daubert*, 509 U.S. at 591). Expert testimony "is presumed

3

to be helpful unless it concerns matters within the everyday knowledge and experience of a lay juror." *Anderson v. Home Depot U.S.A., Inc.*, Civ. No. GJH-14-2615, 2017 WL 2189508, at *4 (D. Md. May 16, 2017) (quoting *Kopf v. Skyrm*, 993 F.2d 374, 377 (4th Cir. 1993)).

The proponent of the expert testimony bears the burden of establishing its admissibility, or "coming forward with evidence from which the trial court could determine that the evidence is admissible under *Daubert*." *Id.* at *3 (quoting *Main St. Am. Grp. v. Sears, Roebuck, & Co.*, Civ. No. JFM08–3292, 2010 WL 956178, at *3 (D. Md. Mar. 11, 2010)); *see also Casey*, 823 F. Supp. 2d at 340; *Daubert*, 509 U.S. at 592 n.10 (explaining admissibility must be established by a "preponderance of proof").

In determining the admissibility of expert testimony, the court considers two "guiding, and sometimes competing, principles." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999). On the one hand, Rule 702 was "intended to liberalize the introduction of relevant expert evidence," and the court need not ensure the expert's proposed testimony is "irrefutable or certainly correct." *Id.* (explaining that admissible expert testimony can still be vigorously tested before the jury by "cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof") (quoting *Daubert*, 509 U.S. at 596). On the other hand, "due to the difficulty of evaluating their testimony, expert witnesses have the potential to 'be both powerful and quite misleading.'" *Id.* (quoting *Daubert*, 509 U.S. at 595). The court must determine whether the disputed expert testimony "has a greater potential to mislead than to enlighten." *Id.* If so, the testimony should be excluded. *Id.*; *see also Casey*, 823 F. Supp. 2d at 341 (noting such testimony would be barred by Federal Rule of Evidence 403).

**B. Analysis**

Plaintiff's Expert Designation avers that Dr. Bolding "will testify to a reasonable degree of medical probability and based on her knowledge, training, and experience that the Plaintiff's aggravation of her dental conditions including Plaintiff's traumatic arthropathy to her temporomandibular joint were a result of the motor vehicle accident of 10/19/2023." ECF 28-2 at 1. Defendants contend that Dr. Bolding's testimony on that point is speculative and unreliable.

In her opposition, Plaintiff counters by citing a single exchange from Dr. Bolding's deposition:

> Counsel: So, do you believe that the trauma of the accident caused [Plaintiff] to have an injury on a TMJ level?
>
> Dr. Bolding: Yes.

ECF 29 at 2 (citing ECF 28-3 at 17:21–18:2). But in response to the immediately following questions, Dr. Bolding clarified that while certain TMJ injuries and exacerbations can result from trauma and whiplash, she had "not evaluated" Plaintiff to determine if this accident caused her injuries. ECF 28-3 at 18:3–19:1. She also clarified that while Plaintiff's TMJ symptoms "exist," she had been treating Plaintiff for TMJ symptoms before the accident as well. *Id. at* 18:17–19:1. Finally, Dr. Bolding testified that Plaintiff exhibited "stress clenching" throughout her treatment, and Dr. Bolding "surmise[d]" that fractured crowns several weeks after the accident would be attributable to increased stress and clenching after the accident, as opposed to stress from an insurance claim one month earlier. *Id.* at 25:3–18, 27:16–28:12.

Ultimately, although Plaintiff bears the burden as the proponent of the testimony to show that Dr. Bolding offers an admissible expert opinion, she cites to no medical opinions espoused by Dr. Bolding in her deposition that correspond to the representation in her expert witness

5

designation about what Dr. Bolding's testimony would be. Dr. Bolding's "belief" is not enough to tie any exacerbation to the accident, absent some evidence that her opinion rests on her medical expertise and sufficient underlying facts and data. See *JFJ Toys, Inc. v. Sears Holdings Corp.*, 237 F. Supp. 3d 311, 322 (D. Md. 2017) ("Expert testimony rooted in subjective belief or unsupported speculation does not suffice.") (quoting *Zuckerman v. Wal–Mart Stores E., L.P.*, 611 F. App'x 138, 138 (4th Cir. 2015)). Because of the lack of adequate foundation for her opinion testimony, Dr. Bolding's opinions connecting Plaintiff's TMJ symptoms to the accident must be excluded.

### III.   OTHER TREATING PHYSICIANS

Defendants also seek to exclude the expert testimony of the other four treating physicians, who were not deposed. In support, Defendants cite their attempted communications with Plaintiff's counsel in January, 2025, which went unanswered. ECF 28 at 3. Those communications sought to coordinate the doctors' depositions. *Id.* In addition, Defendants cite their communication with one treating physician, Dr. Chado, in which he disclosed that he had not been asked to form any expert opinions and would not consider himself an expert in "TBI related ocular manifestations." ECF 28-8.[1] Surmising that Plaintiff did not "retain" any of the witnesses, Defendants seek to preclude the introduction of expert testimony from any of the four treating witnesses.

It is clear from the record that these physicians are so-called "hybrid" fact and expert witnesses, not retained experts. This Court in no way condones Plaintiff's counsel's failure to respond to communications regarding discovery. But, for their part, Defendants do not appear to

---

[1] This representation from Dr. Chado could call into question portions of Plaintiff's representation that he "will testify to a reasonable degree of medical probability and based on his knowledge, training, and experience that the Plaintiff's injuries including blurry vision, confusion, dizzy spells, and nausea were a result of the motor vehicle accident of 10/19/23." ECF 28-2 at 2. Without reviewing Dr. Chado's treating physician reports, however, this Court cannot determine whether there are any relevant opinions contained therein.

have noticed the depositions or subpoenaed the witnesses, which would have given them the opportunity to file a Rule 37 motion to compel discovery had the witnesses failed to appear. Defendants did not inform this Court of the discovery issues during the discovery period.

The record, at this point, does not establish the type of discovery malfeasance on the part of Plaintiff that would warrant exclusion of the hybrid witnesses' testimony. Of course, their testimony will be fairly limited to any opinions set forth in their treatment reports or disclosed in Plaintiff's expert designations.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Strike Expert Witness Designation, ECF 28, will be GRANTED as to Dr. Bolding's testimony connecting Plaintiff's TMJ injuries to the accident and DENIED as to the other expert witnesses. A separate order is filed herewith.

Dated: October 31, 2025

/s/
Stephanie A. Gallagher
United States District Judge